BROWN, et al. *v.* JONES, et al.

Division B.    Jan. 22, 1951.

No. 37700 (50 So. (2d) 227)

Porter W. Peteet, for appellants.

Pollard & Hammer, for appellees.

**Arrington, C.**

This case is before the Court on appeal from a decree of the Chancery Court of Leflore County. The original bill was filed by the owners in fee simple of a one-third undivided interest in two tracts of land in Leflore County, Mississippi, aggregating seventy-eight acres, against the life tenants, remaindermen, and contingent remaindermen of the remaining two-thirds interest for partition of the lands by sale and a division of the proceeds. The bill averred that the lands were not susceptible of division or partition in kind, and that it was to the best interest of all parties to sell the lands and divide the proceeds.

The appellees and the appellants acquired their respective interests under the will of Arnold Donley, which devised to his nephew, Jessie Brown, a one-third interest in the land for the remainder of his life, and upon the death of Jessie Brown said one-third interest to go in fee to four named children of Jessie Brown, or such of them as were living at the death of Jessie Brown. The will further provided that should Jessie Brown predecease the testator, such one-third interest in the property would go in fee to such of the named children of Jessie Brown as survived the testator, and if at his death he was not survived by Jessie Brown, or the named children of Jessie Brown, then the land would go in fee simple to the heirs of the named children of Jessie Brown.

Prior to the filing of the bill of complaint by complainants, Jessie Brown had died, and the fee simple title to his one-third of the lands had vested in the four children of Jessie Brown named in the will, Jessie Bell

Jones, Alice Brown Boss, Margaret Ree Jones, and Rosa Lee Brown Piggott. Rosa Lee Brown Piggott had died thereafter, and left as her sole and only heirs-at-law her husband, Bernard Piggott, and eleven children, one of whom had died in infancy prior to the filing of the bill of complaint. Bernard Piggott and his ten children each owned an undivided one-one hundred thirty-second interest in the lands involved in this case. Jessie Bell Jones, Alice Brown Boss, Margaret Ree Jones, Bernard Piggott and his ten children were the complainants. All of said children were minors except one. Before the case was tried, Jessie Bell Jones, Alice Brown Boss, and Margaret Ree Jones conveyed their one-twelfth interest each in the lands to Ellard Brown, one of the defendants, and the owner of a life estate in an undivided one-third of the land.

Under the will of Arnold Donley, Ellard Brown, a nephew, and Arnold Brown, a nephew, were each left an undivided one-third interest in the lands for his natural life, the remainder to vest in certain named children of each at the death of the life tenant, provided the said Ellard Brown and Arnold Brown survived the testator. This will made further provision as to the disposal of the two-thirds undivided interest if Ellard Brown and Arnold Brown did not survive him, and provided further that if Ellard and Arnold Brown were not survived by any of the named children of Ellard Brown and Arnold Brown, the lands would go to the heirs of the named children of each.

At the time of the death of Arnold Donley, Ellard Brown and Arnold Brown were both living and were living when this case was tried. They were the defendants in this case, as were also the remaindermen and contingent remaindermen of this two-thirds interest in the lands. Ellard Brown and Arnold Brown each owned a life estate in an undivided one-third of the lands, and, in addition thereto, Ellard Brown owns an undivided one-fourth in fee simple, which he acquired from Jessie

Bell Jones, Alice Brown Boss, and Margaret Ree Jones, complainants, after the filing of this suit. The court ordered that the property be sold, and the pro-rata of the proceeds due the owners in fee simple, after the payment of necessary costs, be distributed to them, and the balance to be held intact for the remaindermen or contingent remaindermen, the life tenants to be paid the interest each year on the funds which are held intact. Chap. 317 of the Laws of Mississippi 1946, amended Sec. 961 of the Code of 1942, and provides as follows: ''However, any person owning an indefeasible fee simple title to an undivided interest in land may procure a partition of said land and have the interest of such person set apart in fee simple free from the claims of life or other tenants, remaindermen or reversioners, provided the life or other tenants, and other known living persons having an interest in the lands are made defendants if they do not join in the proceeding as complainants or petitioners.''

Complainants averred in original bill that the lands were not capable of division in kind. ██ █ There is no authority under our statutes for the partition or division of lands among fee simple owners and remaindermen or contingent remaindermen, by sale of the lands and division of the proceeds. Chap. 317 of the Laws of Mississippi 1946, amending Sec. 961, Code of 1942, only permits the holder of the fee simple interest to obtain the setting aside to him of his interest in the property, and does not authorize the sale of the lands and a division of the proceeds.

Appellees rely on the case of Kelly et al. v. Neville et al., 136 Miss. 429, 101 So. 565, 570. In that case the bill filed was not for partition, but was a bill in equity to protect the interest of minors, who were remaindermen and contingent remaindermen, where the property was not bringing in any income and was deteriorating, and where it was for the best interests of the minors to sell the lands and reinvest the proceeds. In this case,

the Court said: "The court, however, will preserve the estates of all the parties born or unborn under proper decree, and will direct the proceeds realized from the sale of this property so as to carry out the intention expressed in the will. Of course, the court will see before making a sale, or at least before confirming it, that the property brings a fair price, and will see that the funds procured from the sale are properly invested in other property so as to carry out the provisions of the will for the benefit of all the parties interested."

From a careful study of the record in the instant case, we are of the opinion that the facts therein do not bring it within the holding of the Court in the case of Kelly, et al. v. Neville, supra.

It is not contradicted that the rent on one tract of the land here involved has increased from $160.00 per year prior to the death of Arnold Donley to $300.00 per year in 1949. The other tract involved had rented for $150.00 per year during Donley's lifetime, and in 1949 rented for the same amount, although some damage had been done to said land in 1947 by the creek as a result of a break in the levee. This tract of land is in the Pelucia Drainage District, and the evidence shows that repairs were made on the levees of the creek from time to time. It was admitted that the buildings on the land were in bad shape and needed repairs. The tenants had been making repairs to the buildings, and from the evidence they were in no worse shape than when Arnold Donley died. The record herein shows that the taxes on the land involved for the year 1947 amounted to $133.75, which would leave an income of more than $300.00 after the payment of taxes. While the buildings according to the evidence need some repairs, ■■ the life tenants have a sufficient income after the payment of taxes to keep the buildings repaired, and it is their duty to keep them in such reasonable and ordinary repair as to prevent their destruction by waste. ■■ There was no evidence that the value of the land was decreasing.

Under the will of Arnold Donley, Ellard Brown and Arnold Brown were devised a one-third interest each in the lands during their lives, and they should not be divested under the circumstances of this case of their life estates.

In view of the above, we are of the opinion that the learned chancellor erred in his decree ordering the property to be sold, and the judgment of the lower court will be reversed and the bill dismissed.

Reversed and bill dismissed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is reversed and the bill dismissed.